IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00232-GCM

| | |
|---|---|
| **GLOBAL IMPACT MINISTRIES,** <br> **DAVID BENHAM,** <br> **CITIES4LIFE, INC.,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **MECKLENBURG COUNTY,** <br> **CITY OF CHARLOTTE,** <br><br> **Defendants.** | **ORDER** |

**THIS MATTER** comes before the Court upon Defendant Mecklenburg County's Motion to Dismiss (ECF Doc. 18) and Defendant City of Charlotte's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF Doc. 20) (collectively, "Motions to Dismiss"). Now being fully briefed, the Court finds the following.

I.     **BACKGROUND**

Plaintiffs David Benham, Cities4Life, Inc. ("Cities4Life"), and Global Impact Ministries ("Love Life") filed this action after members of the Charlotte Mecklenburg Police Department arrested or cited Plaintiff Benham, President of Cities4Life, and others from Cities4Life and Love Life for advocating pro-life issues in contravention of a proclamation banning gatherings of ten or more people. *See* ECF Doc. 1, ¶ 7–8. The arrests occurred under a Revised Joint Proclamation ("Proclamation") issued by the Mecklenburg County Board of Commissioners and the Mayor of the City of Charlotte. *Id.* ¶ 8. The Proclamation was issued on March 24, 2020, and the incidents leading to this Complaint largely occurred on April 4, 2020. *See id.* ¶¶ 83, 138. This action was filed on April 18, 2020, and the Proclamation was rescinded on April 29, 2020. ECF Doc. 21 at

2. Plaintiffs' Complaint requests a temporary restraining order, preliminary injunction, and permanent injunction, as well as declaratory judgment as to the unconstitutionality of the Proclamation and its application. ECF Doc. 1 at 45. The Complaint also requests compensatory damages and nominal damages. *Id.* Defendants' Motions to Dismiss followed on July 10, 2020. Many of the issues raised in the Motions to Dismiss largely mirror each other and, although argued separately, the Court considers the Motions conjunctively. Any additional relevant facts are included in the discussion section herein.

**II. DISCUSSION**

Defendants argue numerous reasons for the Court to dismiss Plaintiffs' complaint, including mootness, standing, the *Younger* abstention doctrine, and failure to state a claim upon which relief may be granted. This Court cannot proceed if it lacks subject matter jurisdiction, so its analysis begins with the Rule 12(b)(1) motions.

When a Rule 12(b)(1) motion challenging subject matter jurisdiction is raised, the plaintiff bears the burden of proof as to subject-matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). Where a defendant contends that a complaint fails to allege sufficient facts upon which subject matter jurisdiction can be invoked, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). Defendants do not argue the truth of the facts alleged in Plaintiffs' complaint, so this standard of review applies to the Rule 12(b)(1) Motions to Dismiss.

**A. Mootness**

The Court must consider whether the issues raised in the Complaint are moot, given that the Proclamation was rescinded on April 29, 2020. The Court's jurisdiction is limited to that of

live cases and controversies. U.S. Const. art. III, § 2, cl. 1. Even if a claim was live when the complaint was filed, a subsequent event could moot the claim. *Catawba Riverkeeper Found. v. N.C. Dep't of Transp.*, 843 F.3d 583, 588 (4th Cir. 2016). The repeal or expiration of a statute generally renders a claim for prospective relief moot. *See Burke v. Barnes*, 479 U.S. 361, 363 (1987); *Diffenderfer v. Cent. Baptist Church of Miami, Inc.*, 404 U.S. 412, 414 (1972); *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 116 (4th Cir. 2000). In certain circumstances, a claim could remain live if the defendant only voluntarily repealed a law. *See Valero Terrestrial Corp.*, 211 F.3d at 116. However, legal changes "that discontinue a challenged practice" are typically enough to render a case moot, except in situations such as where the defendant openly indicates intent to reenact an identical provision later. *Id.* Alternatively, sometimes a claim for prospective relief remains live where the claim is "capable of repetition, yet evading review." *Davis v. Fed. Election Comm.*, 554 U.S. 724, 735 (2008). Such exception applies if (1) the duration of the challenged action is too short to be fully litigated prior to its cessation or expiration and (2) a reasonable expectation exists that the same party will be subject to the same action again. *Id.* Here, the Court finds that the exceptions to the general rule that repeal or expiration of a law renders prospective claims for relief moot do not apply. Plaintiffs' requests for prospective relief are moot.

Next, the Court must address whether Plaintiffs' requests for compensatory and nominal damages leave a portion of this case live. In the Fourth Circuit, even where requests for prospective relief are deemed moot, requests for monetary damages remain live. *See, e.g.*, *Mellen v. Bunting*, 327 F.3d 355, 365 (4th Cir. 2003). Thus, Plaintiffs' monetary claims for relief are live. However, Defendants argue Plaintiffs do not have standing to recover the damages they seek. Thus, the Court will next examine the issue of standing.

## B. Standing

Defendants argue Plaintiffs' claims for damages are not the type to create standing, even if Plaintiffs succeed on the merits. To have standing, a plaintiff must establish

> (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lane v. Holder*, 703 F.3d 668, 671 (4th Cir. 2012) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). As for an association or organization's standing, an organization may sue for injury to itself and to vindicate its own rights, and it may also sue on behalf of its members. *Warth v. Seldin*, 422 U.S. 490, 511 (1975). "An organization may suffer an injury in fact when a defendant's actions impede its efforts to carry out its mission." *Lane*, 703 F.3d at 674; *see also Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982) (noting that when allocation of resources harms an organization to the extent of impeding its mission, it undoubtedly suffers an injury). Additionally, to have representational standing, the association must show that (1) "its members would otherwise have standing to sue in their own right"; (2) "the interests it seeks to protect are germane to the organization's purpose"; and (3) "neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Wash. State Apple Advert. Comm.*, 432 U.S. 333, 343 (1977).

As to the compensatory damages claim, Defendants argue it is not enough to have expended resources in preparation for a lawsuit or to claim injury when an organization has decided to spend money educating its members or undertaking litigation. *See Lane*, 703 F.3d at 671; *NAACP v. City of Kyle*, 626 F.3d 233, 238 (5th Cir. 2010). Defendants argue that Plaintiffs only allege bare and conclusory facts to support that their damages were necessitated by the Proclamation and argue that the damages sought are not enough to support the requirements for

standing. Plaintiffs claim they "incurred costs as a result of the Proclamation and Defendants' unlawful application of the Proclamation." ECF Doc. 1, ¶ 144. The only example Plaintiffs plead regarding compensatory damages relates to an attorney driving to Charlotte at the time of the arrests. *Id.* ¶ 145. Yet, the Court deems that Plaintiffs have sufficiently alleged facts to support standing on the compensatory damages claim at the pleadings stage, where the Plaintiffs claim the Proclamation unconstitutionally inhibited them from advocating for their missions and they expended resources due to the allegedly unconstitutional enforcement of the Proclamation.

Even if Plaintiffs had failed to adequately plead standing pursuant to the compensatory damages claim, they also request nominal damages. The law recognizes a right to nominal damages even without proof of actual injury. *See Carey v. Piphus*, 435 U.S. 247, 248 (1978); *see also Uquegbunam v. Preczewski*, No. 19–968, slip op. at 11 (U.S. Mar. 8, 2021) (concluding recently that "a request for nominal damages satisfies the redressability element of standing where a plaintiff's claim is based on a completed violation of a legal right").

Moreover, looking beyond Plaintiffs' own standing to sue, while an organization ordinarily will not have representational standing to sue for damages on behalf of its injured members, that rule does not necessarily apply where the organization is suing for nominal damages on its members' behalf. *See Warth*, 422 U.S. at 511, 515 (discussing the requirements for representational standing and noting that an award for compensatory damages requires participation of individual members in the lawsuit); *Am. Humanist Ass'n v. Perry*, 303 F. Supp. 3d 421, 427, 433 (E.D.N.C. 2018) (finding representational standing and allowing nominal damages); *see also Clark v. McDonald's Corp.*, 213 F.R.D. 198, 212 (D.N.J. 2003) (acknowledging that claims for compensatory damages ordinarily do not allow for representational standing but there

may be an exception "where an association seeks only nominal damages on behalf of its members without reference to their individual circumstances").

Here, Plaintiffs allege facts to support that that the constitutional rights of Plaintiff Benham, an officer of Cities4Life, other members of Cities4Life, and members of Love Life have been violated through arrests, citations, and threats of enforcement. Nevertheless, Defendants argue that, because Plaintiffs explicitly do not seek damages resulting out of the arrests and/or citations that occurred, they have not plead sufficient facts to support a claim to nominal damages. Plaintiffs further allege facts supporting that the threats of enforcement forced Plaintiffs to refrain from carrying out their missions through freedom of speech, freedom of religion, and freedom of association. *See, e.g.*, *id.* ¶¶ 169, 170, 190, 191, 219, 220. There are times when parties may be entitled to nominal damages for past periods of chilling effects. *See Abbott v. Pastides*, 900 F.3d 160, 169 (4th Cir. 2018) (citing three other Fourth Circuit cases while acknowledging that past chilling effects may amount to a cognizable First Amendment injury). Therefore, at the pleadings stage, Plaintiffs have alleged facts to support that they may be entitled to recover nominal damages for the Proclamation's allegedly unconstitutional restriction on their First Amendment activities.

### C. *Younger* Abstention Doctrine

Defendants next argue that, even if Plaintiffs have standing to sue for compensatory and nominal damages, Plaintiffs' claims for damages should be dismissed or stayed under the *Younger* abstention doctrine. Absent a few extraordinary exceptions,[1] the *Younger* abstention doctrine recognizes that federal courts should avoid interfering with state proceedings where "(1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate

---

[1] These exceptions are not discussed herein because the parties do not attempt to argue such exceptions are relevant.

opportunity to raise constitutional challenges." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (2006). District courts have discretion in choosing to apply the *Younger* abstention doctrine. *See id.* at 242. Here, there are ongoing state criminal proceedings relating to the arrests or citations of Plaintiff Benham and other members of Cities4Life and Love Life. These proceedings implicate important state interests and provide an adequate opportunity for the parties in the state proceeding to raise constitutional challenges. At first glance, the *Younger* abstention doctrine should apply.

Nevertheless, questions of whether to apply the *Younger* abstention doctrine arise when organizations such as Cities4Life or Love Life are not parties to the ongoing state criminal proceeding. Courts have acknowledged that derivative abstention is sometimes required, even for federal parties not present in the state proceedings, if the federal parties have a substantial stake in the outcome of the state proceeding or the federal parties' interests are intertwined with the parties in the state proceeding. *See Hicks v. Miranda*, 422 U.S. 332, 348 (1975); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 53 (4th Cir. 1989); *Lighthouse Fellowship Church v. Northam*, 462 F. Supp. 3d 635, 646–47 (E.D. Va. 2020). "[F]ederal courts must look to the practical effect of granting the relief sought." *Colonial First Props., LLC v. Henrico Cnty. Va.*, 166 F. Supp. 2d 1070, 1077–80 (E.D. Va. 2001) (citing *Cinema Blue of Charlotte, Inc.* while explaining the derivative abstention doctrine under *Younger*); *see also Am. Civil Liberties Union v. Bozardt*, 539 F.2d 340, 343 (4th Cir. 1976) (analyzing a case where the equitable relief sought on behalf of all ACLU associates "would directly interfere with the pending state proceedings" against one of its associates "and have the effect of circumventing the *Younger* restrictions").

Clearly, allowing Plaintiff Benham's federal claims to proceed would violate the *Younger* abstention doctrine. Moreover, Cities4Life and Love Life share a close relationship and alignment of interests with Plaintiff Benham and the state court proceedings. This Court cannot practically

consider Plaintiffs' right to compensatory or nominal damages without undoubtedly interfering with the criminal proceedings now pending before the state court regarding enforcement of the rescinded Proclamation. The third parties' interests are so intertwined with the state court proceedings that the Court should exercise discretion in abstaining under *Younger*.

Nevertheless, the Court must still address whether it should dismiss or stay this case. Typically, when a district court abstains based on *Younger*, it should dismiss the case. *Nivens*, 444 F.3d at 247. However, dismissal is not invariably required, and a stay is necessary where claims for monetary damages are made that cannot be redressed in the state proceeding. *Id.* at 248; *Clowdis v. Silverman*, 666 F. App'x 267, 270–71 (4th Cir. 2016). Plaintiffs' claims for compensatory and nominal damages cannot be redressed in the state proceeding. So, even while the Court abstains under *Younger*, dismissal is not appropriate. The Court will stay this proceeding pending the ultimate disposition of the state proceedings.

### D. Mecklenburg County's Rule 12(b)(6) Motion to Dismiss

Because a stay is necessary pursuant to *Younger*, the Court will not address Mecklenburg County's final argument regarding its Rule 12(b)(6) Motion to Dismiss, ECF Doc. 19 at 9–26, which will be denied without prejudice pending the ultimate disposition of the underlying state proceedings.

### III. ORDER

**IT IS THEREFORE ORDERED**:

1. Defendant Mecklenburg County's Motion to Dismiss (ECF Doc. 18) is **GRANTED IN PART AND DENIED IN PART**, as indicated herein;

2. Defendant City of Charlotte's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF Doc. 20) is **GRANTED IN PART AND DENIED IN PART** as indicated herein;

3. This matter is **STAYED** pending the resolution of the related state court proceedings;

4. The parties shall file a joint status report when the related state court proceedings are ultimately terminated.

**SO ORDERED**.

Signed: March 16, 2021

Graham C. Mullen
United States District Judge