

January 21, 2022

**Via Electronic Filing**

The Honorable Graham C. Mullen
Senior United States District Court Judge
United States District Court for the Western District of North Carolina
Charles R. Jonas Federal Building
401 West Trade St.
Charlotte, NC 28202

      Re: *Benham et al. v. City of Charlotte, North Carolina, and Mecklenburg County, North Carolina*, 3:20-cv-00232 (WDNC)

Dear Judge Mullen:

The City of Charlotte respectfully submits this letter memorandum concerning the issues raised in your December 22, 2021 Order (Dkt. # 49):

Issue #1:    Whether the expiration and replacement of the Proclamation at issue in this case mooted Plaintiffs' claims for declaratory relief.

Issue #2:    Whether Plaintiffs' arguments related to facial unconstitutionality are also mooted by the potential nonavailability of declaratory relief.

## Summary

Plaintiffs' claims for declaratory relief, and their arguments about facial unconstitutionality, are both moot. Last March, this Court ruled that the original Complaint's claims for declaratory relief were moot because the Proclamation had been rescinded. That March 2021 ruling is just as applicable to the claims for declaratory relief now found in Plaintiffs' Amended Complaint. Meanwhile, Plaintiffs' arguments about supposed facial defects in the Proclamation were made solely to support their declaratory judgment claims and their other claims for prospective relief. Those arguments about facial defects do not support Plaintiffs' remedial claims for damages, as Plaintiffs have never alleged that any supposed facial defects in the Proclamation caused the injury underlying their damages claims. Because Plaintiffs' claims for prospective relief are now moot, so are their arguments about facial invalidity, which existed solely to support the now-defunct prospective relief claims.

## This Court Previously Ruled that the Original Complaint's Declaratory Judgment Claims Were Moot.

Dating back to the original Complaint, Plaintiffs' claims have fallen into two distinct categories:

(1) Remedial claims for nominal and compensatory damages. These claims do not rest on any alleged facial defects in the Proclamation, but they instead derive from a single alleged instance of the Proclamation being misapplied against Plaintiffs on April 4, 2020, *see infra*, pp. 2-4; and

(2) Prospective claims for declaratory and injunctive relief. These claims do rely, at least partially, on alleged facial defects in the Proclamation. *See id.*

The first category – remedial claims for nominal and compensatory damages – have never rested on any alleged facial defects in the Proclamation. From this case's filing through the present, Plaintiffs' pleadings have never identified anything in the Proclamation that allegedly prohibited their April 4, 2020 gathering. The original Complaint, to the contrary, alleged that the Proclamation permitted Plaintiffs' April 4, 2020 gathering "expressly" because that gathering fell within five categories of gatherings that the Proclamation allowed. Complaint (Dkt. #1), ¶¶8, 107-111, 205; *see also id.*, ¶115 ("At all times, the Advocates were and are in full compliance with the Proclamation.")

The original Complaint instead alleged just one reason why Plaintiffs' April 4, 2020 gathering ultimately was barred and why Plaintiffs ultimately were charged with violations: Police officers misapplied the Proclamation, causing them to bar a gathering that was allowed under the Proclamation's text. "The CMPD chose to issue citations and/or arrest some of the Advocates on April 4, 2020, in the vicinity of the Abortion Facility, despite the Advocates explaining to the officers that they were in full compliance with applicable requirements." *Id.*, ¶138. Plaintiffs were allegedly injured on April 4, 2020, despite the Proclamation's provisions, not because of those provisions.

Plaintiffs' claims for declaratory and injunctive relief, by comparison, did attack the Proclamation's facial validity. They did so, not to support Plaintiffs' claims for damages for the April 4, 2020 incident, but rather to mount every conceivable attack against the Proclamation's *future* enforcement. When the original Complaint was filed, the Proclamation remained in effect, and Plaintiffs opposed its possible future enforcement against them. *See* Complaint, *e.g.*, ¶191 ("The Advocates have not and will not freely engage in certain protected speech to avoid triggering the Proclamation and Defendants' unconstitutional interpretation and application of the Proclamation[.]") Seeking to bar such future enforcement, Plaintiffs raised a number of facial challenges against the Proclamation. But those facial challenges were made solely to support Plaintiffs' requests for prospective relief. No connection was alleged between any supposed facial defects and the injury Plaintiffs had allegedly suffered on April 4, 2020.

This clear demarcation between Plaintiffs' damages claims and their prospective facial claims was recognized by this Court when it partially granted the City's and the County's original motions to dismiss. By the time of that March 2021 ruling, the Proclamation had long since been rescinded, and this Court ruled that its rescission had rendered all of Plaintiffs' prospective claims moot. All that survived were the claims for damages stemming solely from the April 4, 2020 incident:

> Here, the Court finds that the exceptions to the general rule that repeal or expiration of a law renders prospective claims for relief moot do not apply. ***Plaintiffs' requests for prospective relief are moot***. … Next, the Court must address whether Plaintiffs' requests for compensatory and nominal damages leave a portion of this case live. In the Fourth Circuit, even where requests for prospective relief are deemed moot, requests for monetary damages remain live.

March 16, 2021 Order (Dkt. # 33), p. 3 (emphasis added) (citation omitted). Plaintiffs' damages claims were the only ones not rendered moot, and those damages claims did not rest on Plaintiffs' arguments about facial defects in the Proclamation. Those facial defects were asserted solely to support Plaintiffs' efforts to block any future enforcement of the Proclamation. When those efforts were rendered moot by the Proclamation's rescission, that also rendered moot Plaintiffs' underlying arguments about facial defects.

### Like the Original Complaint's Prospective Relief Claims, The Amended Complaint's Prospective Relief Claims Are Moot, As Are The Underlying Arguments About Facial Defects.

Nothing has changed. This Court's March 2021 finding of mootness was unaffected by the subsequent filing of Plaintiffs' Amended Complaint. That Amended Complaint retains the same fundamental claim structure of the original. Like the original Complaint, the Amended Complaint's damages claims rest solely on one alleged injury, the prohibition of Plaintiffs' April 4, 2020 gathering and the resulting charges against Plaintiffs. That one injury, meanwhile, is still alleged to have resulted solely from the Proclamation's misapplication, not from anything on the Proclamation's face.

For example, just like the original Complaint, the Amended Complaint alleges that Plaintiffs' April 4, 2020 gathering was "expressly" permitted by the Proclamation because that gathering fell within five categories of gatherings that the Proclamation allowed. Amended Complaint, ¶¶8, 105-111. And just like the original Complaint, the Amended Complaint alleges that the prohibition of Plaintiffs' April 4, 2020 gathering was caused solely by police officers applying the Proclamation incorrectly. *Id.*, ¶144 ("Notwithstanding Benham's explanation, and the fact that he was in strict compliance with the Proclamation in all respects, the CMPD arrested him.")

The Amended Complaint retains the original Complaint's arguments about supposed facial defects in the Proclamation. But those arguments are purely vestigial. They have no relation to Plaintiffs' surviving claims for damages, as no supposed facial defects are alleged to have

caused Plaintiffs' damages. Plaintiffs' facial defect arguments, rather, are just leftover remnants from the prospective relief claims that this Court declared moot 10 months ago.

There is no difference between the claims in the Amended Complaint and the claims from the original Complaint that would make this Court's March 2021 ruling no longer applicable. All claims for prospective relief, including Plaintiffs' declaratory judgment claims, were rendered moot by the Proclamation's rescission. And when those moot claims fell away, they took with them Plaintiffs' arguments about facial validity, which existed solely to support the prospective relief claims and which had no bearing on any surviving claims for damages.

Dismissing Plaintiffs' prospective relief claims and their arguments about facial validity would accord with a number of Supreme Court and Fourth Circuit decisions that similarly have recognized that declaratory judgment claims and facial attacks are rendered moot by repeal or expiration of the challenged law. For example:

> *Diffenderfer v. Central Baptist Church of Miami, Inc.,* 404 U.S. 412, 414-15, 92 S.Ct. 574, 575-76 (1972) (*per curiam*) (plaintiffs' request that courts declare tax law unconstitutional rendered moot by law's repeal) ("The case has therefore lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law. … The only relief sought in the complaint was a declaratory judgment that the now repealed Fla.Stat. s.192.06(4) is unconstitutional[.] … This relief is, of course, inappropriate now that the statute has been repealed." ) (citation omitted); *see also Burke v. Barnes*, 479 U.S. 361, 107 S.Ct. 734 (1987) (extending *Diffenderfer* principle to case where disputed statute had expired on its own).

> *Grutzmacher v. Howard County*, 851 F.3d 332, 348-49 (4th Cir. 2017) (facial challenge to fire department's social media policy had been rendered moot by policy's repeal).

> *Chapin Furniture Outlet, Inc. v. Town of Chapin*, 252 Fed.Appx. 566, 571 (4th Cir. 2007) (unpublished) (*per curiam*) (revision of challenged ordinance rendered moot plaintiff's claims for declaratory and injunctive relief).

> *Doe v. Shalala*, 122 Fed.Appx. 600, 602 (4th Cir. 2004) (*per curiam*) (unpublished). (declaratory judgment action was rendered moot by substantial revision of challenged federal policy).

> *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 116 (4th Cir. 2000) (affirming district court's ruling that declaratory judgment action had been rendered moot by substantial revision to challenged law) ("[S]tatutory changes that discontinue a challenged practice are usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed[.]") (citation and quotation marks omitted).

> *Phillips v. McLaughlin*, 854 F.2d 673, 677 (4th Cir. 1988) (courts had no subject matter jurisdiction over declaratory judgment action after challenged regulation amended to no longer apply to plaintiffs) ("A request for prospective relief alone, founded on a challenge

to a regulation which no longer applies to plaintiffs, does not present an actual case or controversy.")

## Conclusion

For the reasons above and for those described in the City's prior briefs, Plaintiffs' declaratory judgment claims, and the supporting arguments about the Proclamation's supposed facial invalidity, should be dismissed as moot. If this Court declines to dismiss any of those claims or arguments as moot, those claims and arguments still should be dismissed for the additional grounds described in the City's prior briefs. Similarly, Plaintiffs' claims for nominal and compensatory damages, although not moot, should be dismissed for the other grounds described in the City's prior briefs.

Respectfully submitted,

/s/ Benjamin Sullivan
Benjamin Sullivan
Senior Assistant City Attorney (N.C. Bar #33508)
CMGC – 4th Floor
600 E. Fourth Street
Charlotte, North Carolina 28202
PH: 704.336.2651
FAX: 704.632.8168
benjamin.sullivan@charlottenc.gov
**Attorney for Defendant City of Charlotte**

CERTIFICATE OF SERVICE

I certify that this document was filed today with the Clerk of Court using the CM/ECF system, which will send electronic notification to:

**Denise M. Harle, Esq.**
dharle@adflegal.org
*Attorney for Plaintiffs*

**G. Michael Barnhill, Esq.**
Mike.Barnhill@wbd-us.com
*Attorney for Defendant Mecklenburg County*

**Scott William Gaylord, Esq.**
sgaylord@elon.edu
*Attorney for Plaintiffs*

**W. Clark Goodman, Esq.**
Clark.Goodman@wbd-us.com
*Attorney for Defendant Mecklenburg County*

**Samuel Green, Esq.**
sgreen@adflegal.org
*Attorney for Plaintiffs*

**Matthew Felton Tilley, Esq.**
Matthew.tilley@wbd-us.com
*Attorney for Defendant Mecklenburg County*

**Kevin H. Theriot, Esq.**
ktheriot@adflegal.org
*Attorney for Plaintiffs*

January 21, 2022.

/s/ Benjamin Sullivan
Senior Assistant City Attorney
N.C. Bar #33508
CMGC – 7th Floor
600 E. Fourth Street
Charlotte, North Carolina 28202
PH: 704.336.2254
FAX: 704.632.8579
Benjamin.sullivan@charlottenc.gov