

**January 21, 2022**

The Honorable Graham C. Mullen
United States District Judge

United States Courthouse
Charles R. Jonas Federal Building
401 West Trade Street, Room 1301
Charlotte, NC  28202

*Via ECF*

Womble Bond Dickinson (US) LLP

One Wells Fargo Center
Suite 3500, 301 South College Street
Charlotte, NC 28202-6037

t:  704.331.4900
f:  704.331.4955

Clark Goodman
Partner
Direct Dial: 704-331-4981
Direct Fax: 704-338-7808
E-mail: Clark.Goodman@wbd-us.com

Re:    **Global Impact Ministries, et al. v. Mecklenburg County, et al. (3:20-CV-00232-GCM)**

Dear Judge Mullen:

Pursuant to your order in the referenced matter dated December 22, 2021, Defendant Mecklenburg County submits the following letter memorandum addressing whether Plaintiffs' claims for declaratory relief and arguments related to facial unconstitutionality are mooted by the expiration and replacement of the Proclamation at issue.

## I.    Procedural History.

Plaintiffs filed their Complaint on April 18, 2020. The Complaint alleged that the then-existing Proclamation was unconstitutional on its face and violated the Equal Protection Clause of the Fourteenth Amendment, the Due Process Clause of the Fourteenth Amendment due to facial vagueness, and Plaintiff's First Amendment rights to free exercise, free speech, and expressive association (Doc. 1, ¶¶ 171-72, 178, 186, 193, 198, 201, 209, 213, 214, 232, 249). Plaintiffs sought injunctive relief preventing further enforcement of the Proclamation against Plaintiffs and a declaration that the Proclamation on its face violated the Constitution. (*Id.* at Prayer for Relief).

The Proclamation was rescinded on April 29, 2020. Thus, on July 10, 2020, Defendants moved to dismiss Plaintiffs' Complaint, arguing that Plaintiffs' claims for declaratory and injunctive relief were moot and that Plaintiffs lacked standing to assert any claim for damages. (Doc. 19, at 4-6; Doc. 21, at 7-20; Doc. 29, at 1-11; Doc. 30, at 9-11).

On September 15, 2020, the Court granted the motions to dismiss, in part, holding that Plaintiffs' claims for prospective declaratory and injunctive relief were moot because the Proclamation was rescinded. (Doc. 33, pp. 2-3). The Court, however, denied the motion to dismiss with respect to standing, holding that, "at the pleadings stage, Plaintiffs have alleged facts to support that they may be entitled to recover damages" based on the allegations that Plaintiffs'

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.



constitutional rights were "violated through arrests, citations, and threats of enforcement." (*Id.* at 6).

Plaintiffs filed their Amended Complaint on August 23, 2021. As with the first Complaint, the Amended Complaint alleges that the now long-rescinded Proclamation was unconstitutional on its face and violated the Equal Protection Clause of the Fourteenth Amendment, the Due Process Clause of the Fourteenth Amendment due to facial vagueness, and Plaintiff's First Amendment right to free exercise, free speech, and expressive association. (Doc. 36, ¶¶ 185-86, 192, 200, 204, 210, 215, 218, 223, 228, 233, 252, 270).[1] Plaintiffs also requested that the Court issue a declaration that Defendants violated Plaintiffs' rights under the First and Fourteenth Amendments. (*Id.* at Prayer for Relief).[2]

Defendants filed motions to dismiss the Amended Complaint, which are pending review.

## II.    Plaintiffs' Claims for Declaratory Relief are Moot.

This Court already determined correctly that Plaintiffs' prior claims for declaratory and injunctive relief were mooted by the Proclamation being rescinded. The same is true of Plaintiffs' new request for declaratory relief, which seeks superfluous declarations framed in the past tense.[3]

"The real value of [a] judicial pronouncement—what makes it a proper judicial resolution of a 'case or controversy' rather than an advisory opinion—is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff.*" *Hewitt v. Helms*, 482 U.S. 755, 761 (1987) (emphasis in original); *see also Diffenderfer v. Cent. Baptist Church*, 404 U.S. 412, 414–15 (1972). The Fourth Circuit has therefore held that "statutory changes that discontinue a challenged practice are usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed." *Valero Terrestrial Corp. v. Paige*, 211

---

[1] For the most part, Plaintiffs merely revised the cited allegations from present to past tense.

[2] Plaintiffs also seek a declaration that Defendants violated Benham's Fourth Amendment right to be free from unlawful stop, arrest, and detention. (*Id.*) As explained in Mecklenburg County's memorandum of law in support of its motion to dismiss the Amended Complaint, Mecklenburg County cannot be liable for CMPD's alleged conduct. (Doc. 40, at 19-20).

[3] In addition to being moot, Plaintiffs' requested declarations are duplicative of their as-applied claims. In other words, if Plaintiffs prevail on their as-applied claims, there is no need for the Court to issue "a declaration that Defendants violated the rights of all Plaintiffs under the First Amendment" and "Fourteenth Amendment to the United States Constitution." *Willis v. Cleveland Cty., N. Carolina*, No. 1:18-CV-00292-MR-WCM, 2020 WL 3578297, at *18 (W.D.N.C. July 1, 2020) ( declining to consider "Plaintiff's duplicative request for declaratory judgment" when request for declaratory judgment was based on same allegations as other claims); *Woods v. Mann+Hummel Filtration Tech. U.S. LLC*, No. 317CV00605KDBDCK, 2019 WL 3728687, at *13 (W.D.N.C. Aug. 7, 2019) ("All the claims on which Woods seeks a declaration of rights are before the Court as legal claims. Therefore, a declaratory judgment is unnecessary and inappropriate.").



F.3d 112, 116 (4th Cir. 2000) (internal quotation marks and citation omitted); *see also Fed'n of Adver. Indus. Executives, Inc. v. City of Chicago*, 326 F.3d 924, 930 (7th Cir.2003) ("[W]e, along with all the circuits to address the issue, have interpreted Supreme Court precedent to support the rule that repeal of a contested ordinance moots a plaintiff's injunction request, absent evidence that the City plans to or already has reenacted the challenged law or one substantially similar.").

Here, there is no evidence that Defendants intend to reissue the provisions of the Proclamation that Plaintiffs challenge. Indeed, it has been more than 20 months since the Proclamation was rescinded and, despite numerous surges in COVID-19 infections due to new variants and increased interaction over holidays, Defendants have not reinstated the challenged provisions of the Proclamation. As with other recent cases in which Courts have held that rescinded COVID-19 regulations mooted requests for declaratory and/or injunctive relief, the Court should reach the same conclusion here. *See, e.g.*, *Lewis v. Cuomo*, No. 20-CV-6316 CJS, 2021 WL 5989783, at *6 (W.D.N.Y. Dec. 16, 2021); *Benham v. City of Jackson, Mississippi*, No. 3:19-CV-911-HTW-LGI, 2021 WL 6010936, at *9–10 (S.D. Miss. Dec. 17, 2021); *Cummings v. DeSantis*, No. 220CV351FTM38NPM, 2020 WL 4815816, at *2–3 (M.D. Fla. Aug. 19, 2020).

### III.   Plaintiffs' Arguments Related to Facial Unconstitutionality are also Moot.

Plaintiffs' claims for nominal damages are tethered to the application of the Proclamation to Plaintiffs—not the former existence of the Proclamation itself. *See Six Star Holdings, LLC v. City of Milwaukee*, 821 F.3d 795, 803 (7th Cir. 2016) ("[A] facial challenge usually invites prospective relief, such as an injunction, whereas an as-applied challenge invites narrower, retrospective relief, such as damages."). Though Plaintiffs offer conclusory allegations referencing the Proclamation "facially and as applied" or "facially and as enforced and interpreted" (*see e.g.* Doc. 36, ¶¶ 186, 192, 200, 204, 210, 215, 218), the Amended Complaint contains no allegations connecting the alleged facial deficiencies in the Proclamation to the damages that Plaintiffs claim to have suffered through the application of the Proclamation's restrictions against them on April 4, 2020. To the contrary, Plaintiffs expressly allege that, "[b]y its very terms . . . the Proclamation expressly exempted the activities of [Plaintiffs]" and "[a]t all times the [Plaintiffs] were in full compliance with the Proclamation." (Doc. 36, ¶¶ 8, 113). Plaintiffs' claims therefore arise from the application of the Proclamation, which Plaintiffs claim "violated . . . the terms of the Proclamation itself." (*Id.* ¶ 129; *see also id.* at ¶¶ 138, 144, 162, 224, 275-277, 280, 292-293).

At most, any connection between the content of the Proclamation and the enforcement of the Proclamation against Plaintiffs lies not in what the Proclamation says, but rather in what it lacks. More specifically, Plaintiffs allege that the Proclamation failed to restrain Defendants' discretion in the interpretation and application of the Proclamation, allowing for application in a manner that was arbitrary or discriminated based on viewpoint. (*Id.* ¶¶ 214, 231). The United States Court of Appeals for the Fourth Circuit considered precisely this sort of facial challenge to a policy that had since been amended and found it to be moot. In *Rock for Life-UMBC v. Hrabowski*, the plaintiffs asserted a facial challenge, as-applied challenge, and claim for nominal damages based on allegations that a facilities use policy violated their rights under the First Amendment and Due Process and Equal Protection clauses of the Fourteenth Amendment. 411 F. App'x 541, 546 (4th



Cir. 2010) (Conrad, J.[4]). The Defendants revised the policy and Plaintiffs conceded that the revised policy was facially constitutional. *Id.* at 550. Because the Plaintiffs' facial challenge was "premised on overbreadth," the Fourth Circuit held that the facial challenge was moot "notwithstanding the fact that it seeks the recovery of damages rather than injunctive relief." *Id.* at 551. This is "because a facial challenge premised on overbreadth is necessarily forward-thinking: it petitions the court to invalidate an overbroad speech regulation because it has the potential to support 'a substantial number of impermissible applications....'" *Id.* at 550 (quoting *New York v. Ferber*, 458 U.S. 747, 771 (1982) and relying on *Reyes v. City of Lynchburg*, 300 F.3d 449, 452-53 (4th Cir. 2002)). Thus, "[w]hen a facially overbroad regulation is subsequently narrowed within constitutional boundaries, the inherent threat of content-based discrimination becomes null." *Id.*

In *Rock for Life-UMBC*, the Fourth Circuit determined that the facial challenge was premised on overbreadth because the plaintiffs alleged that the policy "delegated 'unbridled discretion'" to the decision maker. This reasoning also applies to Plaintiffs' allegations here. The Amended Complaint alleges that the "Proclamation gave Defendants unbounded discretion to interpret provisions of the Proclamation" and that this "unbridled discretion also exacerbated the problem of Defendants' viewpoint-based discrimination." (Doc. 36, ¶¶ 213-14). Plaintiffs further allege that "the Proclamation was devoid of procedural safeguards to protect against arbitrary application…" (*Id.* ¶ 230). Plaintiffs' opposition to Mecklenburg County's motion to dismiss expounded on these allegations, arguing that they "pled that on its face the Proclamation granted to government officials unbridled discretion to exercise arbitrarily power absent the required due process protections." (Doc. 45, at 26, n.14; *see also id.* at 14-19 (arguing that the Proclamation was unconstitutional on its face because it permitted allegedly similar activities while restricting others).

Thus, as with *Rock for Life-UMBC*, Plaintiffs assert (1) the same facial challenges, (2) premised on overbreadth, (3) to a since-repealed or replaced policy. The Court should therefore reach the same outcome as the Fourth Circuit and dismiss Plaintiffs' facial challenges as moot. *See also McLean v. City of Alexandria*, 106 F. Supp. 3d 736, 737 (E.D. Va. 2015) (relying on *Rock for Life-UMBC* to dismiss First Amendment facial challenge to repealed ordinance as moot, but holding that as-applied challenge seeking nominal damages was not moot); *Grutzmacher v. Howard Cty.*, 851 F.3d 332, 349 (4th Cir. 2017) (dismissing First Amendment third party facial challenge to revised policy as moot).

## IV.    Conclusion.

For the above reasons, the repeal of the Proclamation more than 20 months ago mooted Plaintiffs' facial claim and request for declaratory relief. The only remaining claims that are ripe for determination are Plaintiffs' as-applied claims. Because, as explained in its memoranda of law in support of its motion to dismiss, Mecklenburg County had no involvement in the application of the Proclamation to Plaintiffs, the as-applied claims should also be dismissed as to Mecklenburg County.

---

[4] Sitting by designation.



Respectfully,

**Womble Bond Dickinson (US) LLP**

/s/ W. Clark Goodman

W. Clark Goodman
Partner

cc: Opposing Counsel and Counsel for City of Charlotte by ECF filing