

January 21, 2022

*Via Electronic Filing*

The Honorable Graham C. Mullen
Senior United States District Court Judge
United States District Court for the Western District of North Carolina
Charles R. Jonas Federal Building
401 West Trade St.
Charlotte, NC 28202

    Re:  *Benham et al. v. City of Charlotte, North Carolina, et al.*
           3:20-cv-00232

Dear Judge Mullen:

    This letter responds to your December 22, 2021, order for the parties to submit letter memoranda. Plaintiffs submit that neither their request for declaratory relief nor their facial claims are moot.

### 1. Plaintiffs' request for declaratory relief is not mooted by the Proclamation's expiration.

    Plaintiffs' request for declaratory relief is not moot. The answer to the Court's first question depends on the type of relief that would be provided by a declaratory judgment. Here, Plaintiffs' request for declaratory relief is not moot, because it is *retrospective*—and intertwined with other claims for relief. A declaration that the Proclamation was unconstitutional is a necessary component of this Court's ruling on Plaintiffs' entitlement to nominal and compensatory damages for a past harm.

    Caselaw bears this out. In *Marks v. City Council of City of Chesapeake*, 723 F. Supp. 1155 (E.D. Va. 1988), a district court addressed a similar issue. There, the plaintiff sued a city for denying him a special use permit for property that he wanted to purchase. *Id.* at 1159. He asserted several claims that the city had acted unconstitutionally when considering his permit, and he requested damages together with declaratory and injunctive relief. *Id.* at 1160. Later, the plaintiff no longer desired to obtain that property, and the parties therefore agreed that the plaintiff's

initial claim for injunctive relief was moot. *Id.* at 1159. But they disagreed as to whether the plaintiff's claim for declaratory relief was likewise moot. *Id.*

The district court differentiated the request for declaratory relief from the request for injunctive relief: "plaintiff's request for declaratory relief is not moot because his 'damages claim is contingent upon a finding by the court that the [complained of activity] is unconstitutional[.]'" *Id.* at 1160 (quoting *Shifrin v. Wilson*, 412 F. Supp. 1282, 1291 (D.D.C. 1976)). The district court agreed with the Southern District of New York "that a claim for declaratory relief remains viable even after complained of conduct is complete, to the extent that the claim's resolution determines liability for damages to redress injuries alleged and proven." *Id.* at 1159 (citing *Lane v. Reid*, 559 F. Supp. 1047, 1048–51 (S.D.N.Y. 1983)). Thus, the plaintiff's request for declaratory relief was not moot, because the district court still had to "decide the constitutional issue in order to make a possible decision on [plaintiff's] damages claim." *Id.* at 1160 (quoting *Shifrin*, 412 F. Supp. at 1292).

The Eastern District of Virginia has recently reiterated the *Marks* holding, terming this type of declaratory relief "retrospective declaratory relief." *Grimm v. Gloucester Cnty. Sch. Bd.*, No. 4:15-cv-54, 2017 WL 9882602, at *3 (E.D. Va. Dec. 12, 2017). And federal appellate courts have likewise held that declaratory relief remains available when prospective relief would be moot but the desired declaration is necessary to the damages analysis for a *past* harm. *See Crue v. Aiken*, 370 F.3d 668, 677 (7th Cir. 2004); *PETA v. Rasmussen*, 298 F.3d 1198, 1202 n.2 (10th Cir. 2002).

The same reasoning applies here. To award Plaintiffs damages for Defendants' violations of their First, Fourth, and Fourteenth Amendment rights, the Court first must determine the constitutionality of the Proclamation and Defendants' actions under it. Plaintiffs seek retrospective declaratory relief, along with their claims for damages, based on past constitutional deprivations. The Court should therefore find that Plaintiffs' claims for declaratory relief are not moot.[1]

At the very least, if the Court disagrees and holds that Plaintiffs' request for declaratory relief is moot, the Court still must "answer . . . basically the same question" of the constitutionality of the Proclamation and Defendants' actions under it when addressing Plaintiffs' remaining damages claims. *Mellen v. Bunting*, 327 F.3d 355, 365 n.6 (4th Cir. 2003) (even though graduation mooted former VMI students' Establishment Clause prospective claims for injunctive and declaratory

---

[1] While some courts have held that declaratory relief may be prospective and that the repeal of the relevant statute can therefore moot claims for declaratory relief, *see Diffenderfer v. Cent. Baptist Church of Miami*, 404 U.S. 412, 414–15 (1972); *Patrick v. ATF*, 860 F. App'x 828, 833 (4th Cir. 2021); *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 116 (4th Cir. 2000), those cases dealt only with prospective relief. Here, of course, the remaining request is for retrospective relief.

relief, the court would still have to make essentially the same determination to resolve the remaining damages claim as it would have to grant declaratory relief).

### 2. Independent of the availability of declaratory relief, Plaintiffs' facial constitutional claims remain viable.

Turning to this Court's second question, regardless of how the Court rules on declaratory relief, Plaintiffs' facial claims remain active. "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party. As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307–08 (2012). Here, Plaintiffs would retain their several facial claims through their request for nominal damages.

Plaintiffs' facial claims allege that the Proclamation was facially unconstitutional, in violation of the First and Fourteenth Amendments, and, while it was in effect, harmed them. For example, Plaintiffs pled that the Proclamation, on its face, treated some secular activity better than comparable religious activity, in violation of the Free Exercise Clause of the First Amendment. *See Tandon v. Newsom*, 141 S. Ct. 1294, 1296 (2021). So Plaintiffs' facial claims assert real past harms. Plaintiffs thus request in their amended complaint, and are entitled to, nominal damages for their facial claims. As the Supreme Court recently clarified, an entitlement to nominal damages alone satisfies the redressability requirement of Article III standing. *See Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 802 (2021). It is only logical that nominal damages are likewise sufficient to establish an ongoing concrete interest in a litigation, even if accompanying requests for prospective relief are moot. The Fourth Circuit has suggested as much. *See Chapin Furniture Outlet, Inc. v. Town of Chapin*, 252 F. App'x 566 (4th Cir. 2007).

Further, federal circuit courts have confirmed that requests for nominal damages for claims of facial unconstitutionality are proper in circumstances analogous to this case. For example, in *Familias Unidas v. Briscoe*, 619 F.2d 391 (5th Cir. 1980), the Fifth Circuit determined that a plaintiff was entitled to nominal damages because governmental action taken under a facially unconstitutional statute infringed her First Amendment association rights. *Id.* at 402. Similarly, in *Virdi v. Dekalb County School District*, 216 F. App'x 867, 873 (11th Cir. 2007), the Eleventh Circuit held that a plaintiff who was subject to a school district's facially unconstitutional program of racial preferences for vendors was entitled to nominal damages. As in those two cases, Plaintiffs here suffered a past harm when they were subject to a facially unconstitutional Proclamation, for which they are entitled to at least nominal retrospective damages.

Because Plaintiffs suffered an actual "constitutional deprivation" under the facially unconstitutional Proclamation, this case is distinguishable from *Chapin*, 252 F. App'x at 571. There, the Fourth Circuit held that the plaintiff could not "save [its] case from mootness" after the relevant ordinance was revised *because* "the

Ordinance was never enforced against it and it ha[d] not suffered any constitutional deprivation." *Id.* Here, the opposite is true. The Proclamation was facially unconstitutional, and Defendants enforced it against Plaintiffs, actually depriving them of their First, Fourth, and Fourteenth Amendment rights. The expiration of the ordinance does not remedy that, but a damages award can. And a viable remaining claim "for damages or other monetary relief automatically avoids mootness[.]" 13C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3533.3 (3d ed. April 2021 update).

Plaintiffs acknowledge that their facial overbreadth challenge may be moot under Fourth Circuit precedent. *See Rock for Life*, 411 F. App'x 541, 550–51 (4th Cir. 2010) (discussing *Reyes v. City of Lynchburg*, 300 F.3d 449 (4th Cir. 2002)). But *Rock for Life* did not address whether the nonavailability of declaratory relief renders all facial challenges moot—in fact, the opinion does not discuss declaratory relief at all. And *Rock for Life*'s reasoning, to the extent that it speaks to mootness, is specific to overbreadth challenges. The Fourth Circuit emphasized that "a facial challenge premised on overbreadth is necessarily forward-thinking" because facial overbreadth challenges allege that a policy "created a potential chilling effect" on speech. *Id.* at 550. As explained above, that is not the case with Plaintiffs' other facial challenges here, which are retrospective and not prospective, and are not based on overbreadth.

Plaintiffs therefore ask the Court to find that the Proclamation's expiration did not moot their claims for declaratory relief or their facial claims, aside from their overbreadth claim. Plaintiffs also continue to assert their as-applied claims for nominal and compensatory damages, such that, even regardless of how the Court rules on Plaintiffs' declaratory relief and facial claims, the case remains a live controversy. *See Rock for Life-UMBC v. Hrabowski*, 411 F. App'x 541, 550 (4th Cir. 2010).

Respectfully Submitted,

*s/ Denise M. Harle*
Denise M. Harle*
GA State Bar No. 176758
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd., NE,
Suite D1100
Lawrenceville, GA 30043
(770) 339-0774
dharle@ADFlegal.org

Kevin H. Theriot*
AZ State Bar No. 030446

4

Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
ktheriot@adflegal.org

Scott W. Gaylord
NC Bar No. 26740
201 N. Greene Street
Greensboro, NC 27401
(336) 500-9811
sgaylord@elon.edu

*Attorneys for Plaintiffs*

*\*Special Admittance*

# CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2022, the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send a copy to attorneys for all parties in the above-captioned matter.

Dated this 21st day of January, 2021.

*s/ Denise M. Harle*
Denise M. Harle
